# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7747 | **DATE** | 8/8/2002 |
| **CASE TITLE** | ROBERT S. SIPPOS vs. JOHN ZARUBA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Status hearing held. Enter Memorandum Opinion And Order. Defendant's motion to dismiss Sippos' claim is granted, and the case is dismissed without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | AUG 09 2002 |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT S. SIPPOS, )
)
Plaintiff, )
)
v. )
) No. 01 C 7747
JOHN ZARUBA, DuPAGE COUNTY )
SHERIFF, DuPAGE COUNTY BOARD OF ) Judge John W. Darrah
COMMISSIONERS, et. al. )
)
Defendants. )

DOCKETF"
AUG 9 2002

MEMORANDUM OPINION AND ORDER

Plaintiff, Robert S. Sippos ("Sippos"), filed suit against multiple defendants, including the DuPage County Board of Commissioners ("Commissioners"), DuPage County Sheriff John Zaruba ("Zaruba"), and others, under the Civil Rights Act, 42 U.S.C. § 1983. Presently before the Court is Defendant Zaruba's Motion to Dismiss for Failure to Exhaust Administrative Remedies as Required by 42 U.S.C. § 1997e(a).

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted only if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A reading of the Complaint supports the following summary of the alleged conduct of the parties.

On May 15, 2001, Sippos was taken into custody and incarcerated at the DuPage County Jail. At that time, Sippos was being treated for an auto-immune disease known as myastenia gravis and received 180 milligrams of the drug Mestinon per day, administered in three 60 milligram doses.



Plaintiff also received Prevacid twice each day for stomach problems, 20 milligrams of Lotensin for blood pressure, and additional medication for gout.

In the Complaint, Plaintiff has alleged a variety of instances in which prison officials have failed to properly administer the correct dosage of the necessary medication. During the period between May 15, 2001 and the filing of the instant suit, Plaintiff alleges that he has filed "over thirty grievances in regards to lack of, and/or improper administering of, medication." Additionally, on August 9, 2001, Plaintiff went to the DuPage County court, where Judge Dwyer entered a court order to insure that prison officials properly administered Sippos' medication. Since that date, Sippos alleges that prison officials have violated the court order at least four times. In the instant suit, Plaintiff seeks compensation for: partial loss of vision in his right eye; total loss of use of his right eye between June 12, 2001 and June 30, 2001; loss of use of his jaw from July 10, 2001 to the present; and associated punitive damages for "indifference, negligence, and malpractice".

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." To exhaust administrative remedies, a person must follow all rules governing filing and prosecution of a claim. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) (*Pozo*). In *Pozo,* the Seventh Circuit held that: "Unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred.... A prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1977e(a) from litigating. Failure to do what the state requires bars, and does not just postpone, suit under § 1983." *Pozo,* 286 F.3d at 1023-1024.

2

The "Grievance Resolution Procedure" established by the DuPage County Corrections Bureau states that, after filing a grievance, if "the inmate is dissatisfied with the resolution of his/her grievance, he/she may, within five working days of receipt of written notice of the resolution of his/her grievance, appeal in writing to the Chief." (Def. Ex. A at 40). In his Complaint, however, Plaintiff indicates that he believes there to be "no formal appeal process". (Pl. Compl at III, C, 3). As a result, Plaintiff has not alleged that he exercised his right to appeal. Additionally, none of the allegations in the Complaint permit an inference that Sippos appealed or otherwise exhausted all available administrative remedies. As such, Plaintiff's claim is prohibited by 42 U.S.C. § 1997e(a).

For the reasons stated above, Defendant's Motion to Dismiss Sippos' claim is granted, and the case is dismissed without prejudice.

Dated: August 8, 2002

JOHN W. DARRAH
United States District Judge